UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LATRENA LANKFORD                    *        CIVIL NO. 6:12-1280

VERSUS                              *        JUDGE DOHERTY

NATIONAL CARRIERS, INC., ET AL.     *        MAGISTRATE JUDGE HILL

REPORT AND RECOMMENDATION

Pending before the undersigned for Report and Recommendation is the defendants' Motion to Dismiss.  [rec. doc. 8]. The Motion was referred to the undersigned for Report and Recommendation.  The plaintiff has filed Opposition [rec. docs. 16 and 34], to which the defendants filed Replies. [rec. docs. 20, 29 and 37].  Oral argument on the Motion was held and the Motion was taken under advisement.

For the following reasons, it is recommended that the defendants' Motion to Dismiss [rec. doc.8] be **DENIED.**

LAW AND ANALYSIS

Plaintiff, Latrena Lankford ("Lankford"), a resident and domiciliary of Tennessee, filed the instant lawsuit in this Court alleging diversity of citizenship as the basis for this Court's jurisdiction.  In her Complaint, Lankford named as defendants National Carriers, Inc. ("National Carriers"), a Kansas corporation, Zurich American Insurance Company ("Zurich"), a New York insurer, MBS Express, Inc. ("MBS Express"), a Texas corporation, Jose Jiminez ("Jiminez"), a resident and domiciliary of Texas and William R. Brehm, III ("Brehm"), a resident and domiciliary of Tennessee, (collectively, "the defendants").  Lankford complains

that she was a guest passenger in a vehicle owned by Jiminez, insured by Zurich, and driven by

Brehm, while Brehm was in the course and scope of his employment with National Carriers

and MBS Express, which was involved in a motor vehicle accident on May 21, 2011.  Lankford

alleges that as a result of the accident she received personal injuries and, accordingly, seeks

damages, statutory penalties and attorney's fees. [rec. doc. 1].

In response to the Complaint, the defendants filed the instant Motion to Dismiss

pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, asserting that diversity

jurisdiction did not exist because Lankford and Brehm were both citizens of Tennessee. [rec.

doc. 8].

Thereafter, Lankford filed a Notice of Voluntary Dismissal, seeking to dismiss Brehm

without prejudice, pursuant to Rule 41(a). [rec. doc. 15]. Rule 41(a)(1)(A)(i) does not require a

Court Order to effect a dismissal without prejudice when the Notice of Dismissal is filed before

the opposing party serves an answer or motion for summary judgment, as was the case here.

Nevertheless, Lankford filed a proposed Order along with her Notice of Voluntary Dismissal,

and the Clerk referred the Order to Judge Doherty for signature; the Order was subsequently

signed.  [rec. doc.  18].  Lankford also filed Opposition to the Motion to Dismiss, arguing that

her Notice of Voluntary Dismissal rendered the defendants' Motion to Dismiss moot, since

complete diversity then existed. [rec. doc. 16].

The defendants filed a Motion to Vacate the Court's Order dismissing Brehm on grounds

that the defendants did not agree to the dismissal of Brehm and that the dismissal was improper

because of the defendants' pending Motion to Dismiss. [rec. doc. 21].  The Motion to Vacate

was denied by the Court, noting that agreement to the dismissal by the defendants was not

required under Rule 41(a)(1)(A).  The Court also entered a Minute Entry citing *Plains*

*Growers, Inc. v. Ickes-Braun Glasshouses, Inc*., 474 F.2d 250 (5th Cir. 1973) as additional

support for its denial of the defendants' Motion to Vacate. [rec. doc. 30].

The defendants also filed a Reply, asserting that Brehm was an [omnibus] insured under

the Zurich policy issued to National Carriers.  The defendants then argued that, pursuant to 28

U.S.C. § 1332(c)(1), Zurich is deemed a citizen of the state of its unnamed omnibus insured,

Brehm (Tennessee), and Lankford's dismissal of Brehm (individually) therefore still did not

create complete diversity. [rec. docs. 20 and 29].

The plaintiff responded that Zurich must be considered a citizen of the state of its *named*

*insured*, National Carriers (Kansas), or MBS Express (Texas) and that the citizenship of its

non-named omnibus insured is irrelevant. [rec. doc. 34].

During oral argument on the Motion, defense counsel agreed with the Court that when a

plaintiff files a Notice of Dismissal before issue is joined, the dismissal is automatic and the

judge need not do anything; the dismissal is effective on the filing of the Notice.  Counsel for

the defendants persisted, arguing that when Brehm was dismissed, Zurich was deemed to have

his Tennessee citizenship and, hence, diversity was still lacking. Counsel admitted, however,

that the trucking company's policy issued by Zurich covered the accident; thus, the defendants

were not taking the position that there was no coverage for the accident.  Counsel for the

plaintiff then stated that he would simply dismiss Zurich under Rule 41(a) as Zurich was not a

necessary party to the suit.

In response, the Court noted that a plaintiff may voluntarily dismiss a non-diverse defendant under Rule 41(a) without consent or order of court, and that the dismissal is effective on the date of filing.  A Notice of Dismissal, however, cannot be made orally.  Rather, a written Notice must be filed in the record.  Accordingly, the Court indicated that the Motion to Dismiss would be taken under advisement after a Notice of Dismissal (dismissing Zurich) had been filed by the plaintiff.  Thereafter, the defendants were given ten days to file a Supplemental Memorandum, in the absence of which, the Motion to Dismiss would be denied.

Thereafter, Lankford filed another Notice of Voluntary Dismissal, dismissing Zurich without prejudice, pursuant to Rule 41(a). [rec. doc. 32]. While Rule 41(a)(1)(A)(i) does not require a Court Order to effect a dismissal without prejudice when a Notice of Dismissal is filed before the opposing party serves an answer or motion for summary judgment, as was the case here, because Lankford *again* filed a proposed Order along with her Notice of Voluntary Dismissal, the Clerk again referred the Order to Judge Doherty for signature, and, over the defendants' objection [rec. doc. 35], the Order was subsequently signed.  [rec. doc.  36].

The defendants filed a Supplemental Memorandum re-urging their argument that the dismissal of Brehm triggered the exception to this Court's diversity jurisdiction over the direct action as set forth in 28 U.S.C. § 1332(c)(1).  Without mentioning that Zurich's *named insured*, National Carriers (a Kansas corporation), remains a *named defendant*, the defendants still argue that the dismissal of Zurich contravene's the underlying purpose and congressional intent of the § 1332(c)(1) exception by allowing a lawsuit of a "local nature" to proceed under this Court's diversity jurisdiction against a foreign insurer without first securing a judgment against the

insured. [rec. doc. 37].

**Legal Standard**

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the subject matter jurisdiction of the district court. A claim is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *See Home Builders Assoc., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998). A 12(b)(1) motion may be appropriate when a plaintiff's claim is barred by sovereign immunity, as well as in the typical situation where a defendant alleges that there is no diversity of citizenship between the parties, the jurisdictional amount is lacking and/or the plaintiff's claim does not involve a federal question. *See* 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350 (2d ed. 2003).

Because federal courts are courts of limited jurisdiction, absent jurisdiction conferred by statute, they lack the power to adjudicate claims. *See e.g., Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). Thus, a federal court must dismiss an action whenever it appears that subject matter jurisdiction is lacking. *Stockman*, 138 F.3d at 151. A dismissal based on a lack of subject matter jurisdiction is not based on the merits and, accordingly, is without prejudice. *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188-189 (5th Cir. 1986).

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the

court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241

F.3d 420, 424 (5th Cir. 2001). Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state

a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the

record. *See Clark v. Tarrant County,* 798 F.2d 736, 741 (5th Cir. 1986). Uncontroverted

allegations of the complaint, however, must be accepted as true.  *Den Norske*, 241 F.3d at 424.

**Diversity Jurisdiction**

Section 1332(c)(1) provides in pertinent part as follows:

(c) For the purposes of this section and section 1441 of this title--

(1) a corporation shall be deemed to be a citizen of every State and foreign state
by which it has been incorporated and of the State or foreign state where it has its
principal place of business, except that in any direct action against the insurer of
a policy or contract of liability insurance, whether incorporated or
unincorporated, to which action the insured is not joined as a party-defendant,
such insurer shall be deemed a citizen of–

(A) every State and foreign state of which the insured is a citizen;

(B) every State and foreign state by which the insurer has been
incorporated; and

(C) the State or foreign state where the insurer has its principal
place of business;

As the Supreme Court has noted, federal courts must interpret and limit the scope of this

statute in accordance with the language set forth by Congress.  *Northbrook National Insurance*

*Co. v. Brewer*, 493 U.S. 6, 9 and 12-13, 110 S.Ct. 297 (1989).  The language of this statute

could not be more clear.  By its express terms, this statute only applies to direct actions in

which the insured is *not* named as a party defendant.[1]

The defendants are correct that the term "insured" in the  statute has been interpreted as including an omnibus insured.  *See Williams v. Liberty Mutual Ins. Co.*, 468 F.2d 1207, 1209 (5th Cir. 1972).  However, that does not negate the fact that the term "insured" in the statute applies equally to the named insured.  *Id.*  In this case, Zurich's named insured is National Carriers (a Kansas corporation), which is a named defendant in this lawsuit.  As such, this is not a "direct action" against an insurer in which the insured is not named as a defendant. Accordingly, § 1332(c)(1) is inapplicable and does not defeat diversity jurisdiction. *See Mahan v. Williams*, 2003 WL79017 *2 at fn. 1 (E.D. La. 2003) (noting that § 1332(c)(1) did not apply "because both insureds have been joined as defendants in this direct action against AIG and another insurance company."); *Colon and Spllier v. Randle*, 1993 WL 35211, *1 (E.D. La. 1993) (holding that because the insured had been joined as a party defendant, under § 1332(c)(1) his insurer could not be deemed a citizen of any state other than its state of incorporation and principal place of business); *Platte v. Ford Motor Co.*, 2002 WL 32091267 (N.D. Ohio 2002) (denying remand because "the language of § 1332(c) limits its application to those cases 'where the insured is not joined as a party-defendant'" and "[i]n this case, the named insured, Ford, has

---

[1]Further, Section 1332(c)(1), by its express terms applies only to a direct action against an insurer. The phrase "direct action" is a term of art, and neither the statute nor the cases interpreting it support the view that it includes every action in which an insurance company is a named party defendant. *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1188 (5th Cir. 1988).  Accordingly, the Fifth Circuit has defined a "direct action" as a case in which "a party claiming to have suffered injuries or damage for which another is legally responsible is entitled to sue the other's liability insurer *without joining the insured* and without having first obtained a judgment against the insured." *Hernandez v. Travelers Ins. Co.*, 489 F.2d 721, 724 (5th Cir. 1974) (citations omitted, emphasis added).  Clearly under this definition, the instant lawsuit does not constitute a "direct action" as contemplated by the statute.

been joined as a party defendant."); *see also State Farm Fire and Casualty Co. v. Pittman*,

2006 WL 1045984, *1 (S.D. Miss. 2006) (finding the exception in § 1332(c)(1), which would

destroy diversity, inapplicable because, amongst other reasons, the insurer's insured was a

party-defendant in the action); *Watkins v. Allstate Ins. Co.*, 503 F.Supp. 848, fn1 (D.C. Mich.

1980) ("the court recognizes that in order for the proviso

(§ 1332(c)(1)) to apply the insured cannot be named as a party Defendant").

Further, the instant suit does not contravene the purpose or congressional intent of the

statute.[2] This suit has not been filed against the insurer alone and does not constitute a suit of a

local nature between citizens of the same state, filed in this Court as a direct action against a

foreign insurer to manufacture diversity jurisdiction where it does not rightfully exist. To the

---

[2] Congress amended § 1332 in 1964 to "eliminate, under the diversity jurisdiction of the federal courts, suits . . . in which both parties are local residents, but which, under a State 'direct action' statute, may be brought directly against a foreign insurance carrier without joining the local tortfeasor as a defendant. *Williams*, 468 F.2d at 1209.

The Senate Report which accompanied the enactment of the statute states that the legislative purpose of the statute was to eliminate diversity jurisdiction in direct action lawsuits filed *against the insurer alone*, as permitted by direct action statutes in Louisiana and Wisconsin, believing that such suits did "not come within the spirit or the intent of the basic purpose of the diversity jurisdiction of the Federal judicial system," to alleviate the overcrowded dockets of the federal district courts in Louisiana (and particularly the Eastern District Court) caused by these statutes.(emphasis added). S.Rep. 88-1308, S. Rep. No. 1308, 88th Cong., 2nd Sess. 1964, 1964 U.S.C.C.A.N. 2778, 2784 and 2778-2779 *citing Kujawa v. American Indemnity Company*, 14 N.W.2d 31 (Wis. 1944) (construing the Wisconsin statute to all suit against the insurer alone as follows: "There can be no doubt as to the right of plaintiffs to pursue their action *against Coaty's insurance carrier alone*. ") (emphasis added); and *Lumbermen's Mutual Casualty Co. v. Elbert*, 348 U.S. 48 (1954) (answering affirmatively "the sole question" of "whether the United States District Court in Louisiana has jurisdiction over this suit for damages brought under the [Louisiana] direct action statute *against the wrongdoer's insurer alone*. . . . ") (emphasis added).

Finally, the Fifth Circuit has noted that § 1332(c) was enacted because "Louisiana federal courts were inundated with suits based on diversity jurisdiction filed by Louisiana residents who met the requirement of complete diversity by naming *only* a non-resident insurer as the defendant." *Evanston Insurance Co. v. Jimco, Inc.*, 844 F.2d 1185, 1188 (5th Cir. 1988).

contrary, at present, this is a suit between an allegedly injured Tennessee citizen and diverse

tortfeasors, a Kansas (National Carriers) and a Texas (MBS Express) corporation. As such,

Lankford did not create diversity over a non-diverse tortfeasor by directly suing that tortfeasor's

out-of-state insurance company alone, instead of that tortfeasor. Indeed, had Brehm and Zurich

not been initially joined in this lawsuit, rather than having been voluntarily dismissed, the

Court's diversity jurisdiction would be clear and § 1332(c)(1) would be clearly inapplicable.

Finally, the cases cited by the defendants are distinguishable and neither controlling nor

persuasive. *Williams v. Liberty Mutual Insurance Company*, 468 F.2d 1207 (5th Cir. 1972) is

clearly distinguishable, because *Williams* did not present the factual situation, nor legal issue

presented to this Court. In *Williams*, unlike the present case, the plaintiff sued only the foreign

insurer and did not name either the named or omnibus insured, the former being a citizen of the

same state as the plaintiff. Under the facts presented in *Williams*, the action was correctly

deemed to constitute a direct action, aimed at creating diversity which is prohibited by

§ 1332(c)(1).

In *Green v. Wolters Kluwer U.S. Corp.*, 2008 WL 2355848 (E.D. La. 2008), the plaintiff

sued both the named insured (whose citizenship is not disclosed in the decision) and foreign

insurer, but did not name the non-diverse omnibus insured. Because the defendants' Motion to

Dismiss was unopposed, the Court granted the Motion, without considering the effect the

joinder of the named insured had on the applicability of § 1332(c)(1) or the differing factual

scenario posed in *Williams*. In light of the above, the Court finds *Green* unpersuasive.

9

Likewise, the *Morris* trilogy of decisions from the Eastern District of Louisiana, cited by the defendants, is not persuasive.  In fact, one of those decisions is contrary to, rather than supportive of, the defendants' position.

In *Morris v. Arch Insurance Company*, 2011 WL 2981495 (E.D. La. 2011), the plaintiff sued the diverse named insured and the foreign insurer, but did not name the non-diverse omnibus insured.  The Court merely relied on the unchallenged and insufficiently reasoned ruling in *Green*, with which, for the above reasons, the Court disagrees, to grant the defendants' Motion to Dismiss.

In *Morris v. Arch Insurance Company*, 2011 WL 4742127 (E.D. La. 2011), the plaintiff requested reconsideration and reinstatement of his lawsuit, requesting permission to voluntarily dismiss the insurer to proceed solely against the diverse named insured. The Court found that the plaintiff had not set forth proper grounds for reconsideration under Rule 59(e), and further found that the filing of a second federal lawsuit by the plaintiff against only the diverse named insured rendered the plaintiff's request for voluntary dismissal moot. Unfortunately for the plaintiff, his second federal lawsuit was dismissed because diversity was not properly alleged on the face of plaintiff's complaint because he had not set forth the citizenship of the members of the named insured, a limited liability company.

On his third attempt to invoke the diversity jurisdiction of the federal court (in *Morris v. SWDI, Inc.*, 2012 WL 1802463, *2 (E.D. La. 2012)) the plaintiff again named only the diverse named insured, this time including the citizenship of its members.  In denying the defendant's Motion to Dismiss under § 1332(c)(1), a different section of the Court held that the case, as

then presented, did *not* constitute a direct action against an insurance company, even though

neither the non-diverse omnibus insured nor insurer were named in the suit. In so doing, the

Court rejected the argument that the plaintiff "had improperly manufactured diversity by

omitting certain potential defendants"[3], stating that even if the insurer had been voluntarily

dismissed rather than merely not joined in the lawsuit, the facts would not "create the kind of

diversity which § 1332(c) prohibits in the first place." *Id*. at *4. This was so because the

citizenship of the named insured would not be affected by the presence or absence of the

insurer, and therefore "diversity would not have been improperly manufactured even had [the

insurer] been voluntarily dismissed" from the suit. *Id.* Thus the rationale used by the Court in

denying the defendant's motion to dismiss supports the reasoning of the undersigned here.

*O.M. Greene Livestock Co. v. Azalea Meats, Inc*., 516 F.2d 509 (5th Cir. 1989) presents

the classic example of a violation of § 1332(c)(1), but is unhelpful in deciding the issue

presented here. In *Greene,* the plaintiff sued several defendants including a non-diverse

insured and his foreign insurer. He subsequently "dropped" the non-diverse insured, retaining

his claim against the insurer. In short, *Greene* did not involve a diverse named insured or a

non-diverse omnibus insured.

*Illg v. Jacat Corp*., 1989 WL 113979 (E.D. La. 1989) and *Lau v. Beaird Company, Ltd.*

2008 WL 4960226 (M.D. La. 2008) are equally inapposite. Like *Greene*, these cases merely

present  classic examples of manufactured diversity by the dismissal of the non-diverse named

---

[3]*See Id*. at *2 and *3.

insureds.  These cases did not involve diverse named insureds.  Further, in finding the case should be remanded, the *Illg* Court agreed with the reasoning of this Court, expressly stating that § 1332(c)(1) did not initially apply because the plaintiff joined both the named insured and his insurer.  *Id*. at *1.

In sum, the Court has found no cases directly on point. Although Brehm (a dismissed party) is an omnibus insured under the policy, because diversity exists as to the defendant (and *named insured* under the policy), National Carriers (who has been a *named defendant* since suit was filed), § 1332(c)(1) does not apply, and Zurich, therefore, should not be deemed a citizen of Tennessee (the state of citizenship of the omnibus insured non-party, Brehm). The construction of § 1332(c)(1), urged by the defendants would stretch the reach of § 1332(c)(1) well beyond that which is reasonable under the statutory language or reported cases, and would unreasonably restrict this Court's diversity jurisdiction.

What the defendants continue to ignore is that in this case, as it now stands, the only parties still remaining are completely diverse. Neither Brehm nor his insurer, Zürich, are now parties. The defendants essentially argue that diversity jurisdiction does not now exist because it did not exist when suit was filed. That argument, if accepted, would mean that the voluntary dismissals of Brehm and Zürich have no legal effect.

The defendants cite no authority for that proposition.

This is not a case that was removed to this Court. Had this case been removed from state court, the defendants' argument would be more persuasive. However, as Judge Doherty has

already noted, *Plains Growers v. Ickes-Braun Glasshouses Inc., supra*, is dispositive on this issue. There, the Fifth Circuit specifically said that,

> . . . we conclude that it was intended by the rule-makers to permit dismissal against such of the defendants as have not served an answer or motion for summary judgment, despite the fact that the case might remain pending against other defendants.

474 F.2d at 254-55.

At this time, complete diversity exists. The defendants have cited no authority in support of their argument that the citizenship of the now dismissed Zürich (much less the citizenship of its now dismissed omnibus insured) should be considered for any purposes at all. The Court knows of no such authority, and in the absence thereof, the court holds that complete diversity exists and that the defendants' motion to dismiss should be denied.

For the foregoing reasons, it is recommended that the defendants' Motion to Dismiss [rec. doc.8] be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by**

**Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed this 14th day of January, 2013, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

Copy sent:  RFD
On:  01-14-2013
By:  MBD