U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

FEB 06 2015
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| Lankford | Civil Action No. 12–01280 |
| versus | Judge Richard T. Haik, Sr. |
| National Carriers Inc., et al | Magistrate Judge C. Michael Hill |

## MEMORANDUM RULING

Before the Court is a Motion For Partial Summary Judgment filed by defendants, National Carriers Inc. ("National"), MBS Express ("MBS") and Jose Jiminez[1], [Rec. Doc. 80] and plaintiff, Latrena Lankford's, Opposition thereto [Rec. Doc. 94]. For the reasons that follow, defendants' motion will be granted.

*Background*

Defendants seek to dismiss plaintiff's punitive damages claim against them on the basis that an employer cannot be held vicariously liable for punitive and/or exemplary damages that could be awarded against its employee driver, defendant William R. Brehm, III.[2] Plaintiff alleges that on May 21, 2011 Brehm was operating a motor vehicle in which she was a guest passenger when he lost control of the vehicle causing her to sustain injuries. *R. 1, p. 2, ¶ 5.* She further alleges that Brehm was in the course and scope of his employment

---

[1] Plaintiff's Complaint lists Jiminez as "owner." For purposes of this motion only, the Court will consider Jiminez to be in the same capacity as National and EMS.

[2] Defendants note they have averred that Brehm was an independent contractor and do not admit that he was an employee.

with defendants National and EMS who are therefore vicariously liable for the action of their employee under the theory of respondeat superior. *Id.* at ¶ 9. Plaintiff alleges that Brehm was intoxicated and/or under the influence while operating the vehicle entitling her to exemplary and punitive damages against the defendants. *R. 1*. Plaintiff does not dispute defendants' Statement of Material Fact that the investigating officer testified he did not believe Brehm was impaired at the time of the accident. *R. 80-2, Yatcilla Dep., pp. 8-9*.

*Analysis*

Defendants contend in their motion that La.Civ.Code art. 2315.4, which provides for punitive damages when the defendant is driving intoxicated, is clearly aimed at the offending person's behavior and does not provide for the recovery of punitive damages against an employer. Plaintiff opposes the motion, claiming that "Louisiana courts[3]... have long recognized that an employer is vicariously responsible for the punitive damages assessed against its employee driver."

La.Civ.Code art. 2315.4 provides:

> In addition to general and special damages, exemplary damages may be awarded upon proof that the injuries on which the action is based were caused by a wanton or reckless disregard for the rights and safety of others by a defendant whose intoxication while operating a motor vehicle was a cause in

---

[3] While plaintiff states that "the Louisiana Supreme Court" has recognized this principle, he fails to cite any Louisiana Supreme Court case. As of the date of this ruling, the Court has not discovered any such jurisprudence. Rather, in *Berg v. Zummo*, 786 So.2d 708, 718 (La.,2001), the court specifically stated "[w]e express no view on whether punitive damages can be imposed against a party who is vicariously liable for general damages resulting from the conduct of an intoxicated person, such as an employer."

2

fact of the resulting injuries.

Plaintiff cites *Romero v. Clarendon America Ins. Co.,* 54 So.3d 789 (La.App. 3 Cir.,2010), a case with a scenario similar to this one, in support of her position. In *Romero*, the plaintiff alleged she was injured when her vehicle was struck by the truck driver of an eighteen wheeler. Plaintiff alleged the truck driver was intoxicated at the time of the accident and was in the course and scope of his employment with Stanford Truck Lines. Plaintiff sought to recover punitive damages against the employer, Stanford. The appellate court upheld the trial court's ruling finding that the plaintiff was not entitled to recover punitive damages from the truck driver's employer.

The *Romero* court initially noted that "[i]n Louisiana, there is a general public policy against punitive damages; thus a fundamental tenet of our law is that punitive or other penalty damages are not allowable unless expressly authorized by statute. Furthermore, when a statute does authorize the imposition of punitive damages, it is subject to strict construction." *Id.* at 791. Citing La.Civ.Code art. 2315.4, the court then stated,

> The language of Article 2315.4 is clear and unambiguous. It expressly provides for punitive damages against "*a defendant*" who recklessly or wantonly disregards the safety of others by driving while intoxicated. The article is clearly aimed at the offending person's behavior and none other. (Emphasis in the original).

*Id.* Finally, the court noted that vicarious liability of employers for the action of their employees is established in La.Civ.Code art. 2320 which requires that "responsibility only attaches when the... employers... might have prevented the act which caused the damage and

3

have not done it." *Id.*

Plaintiff argues that the Court should disregard the holding in *Romero* and base its decision on two Fourth Circuit Court of Appeals cases, *Lacoste v. Crochet*, 751 So.2d 998 (La.App. 4 Cir., 2000) and *Curtis v. Rome*, 735 So.2d 822 (La.App. 4 Cir., 1999), in which the court ruled that an employer is liable for punitive damages assessed against an intoxicated driver. The Court declines to do so.

In *Berg v. Zummo* 786 So.2d 708 (La.,2001), the Louisiana Supreme Court addressed the issue of whether or not 2315.4 imposes punitive damages against a vendor of alcoholic beverages for selling or serving alcohol to an intoxicated person whose intoxication while operating a motor vehicle caused injury. While stating it expressed no view on whether punitive damages can be imposed against a party vicariously liable, the court noted the two aforementioned Fourth Circuit cases. Ultimately, in holding that punitive damages may not be imposed on a vendor, the court examined the Legislative history of La. C.C. art. 2315.4. The court stated:

> We have examined the legislative history of La. C.C. art. 2315.4, which was enacted by Acts 1984, No. 511, Section 1, and originated as House Bill 1051. The Minutes from the House Committee on Civil Law and Procedure clearly indicate that the bill was "targeted" at intoxicated drivers and was intended "to punish the intoxicated defendant ... [to] punish him financially the way he should be punished by paying additional damages." Minutes from the House Committee on Civil Law and Procedure, June 4, 1984. Although there was some discussion about insurance coverage for such damages, there was no discussion that the bill would penalize anyone but the intoxicated driver.
>
> We find that the legislative history reflects the legislature's intent to penalize only the intoxicated driver of motor vehicle and is in line with the narrow

construction that this Court gives to penal statutes. Thus, we affirm the court of appeal's holding that La. C.C. art. 2315.4 does not allow the imposition of punitive damages against persons who have allegedly contributed to the driver's intoxication.

*Id.* at 717.

"In Louisiana, there is a general public policy against punitive damages; thus, a fundamental tenet of our law is that punitive or other penalty damages are not allowable unless expressly authorized by statute. Furthermore, when a statute does authorize the imposition of punitive damages, it is subject to strict construction." *Ross v. Conoco, Inc.*, 828 So.2d 546, 555 (La.10/15/02). The Court finds the language of Article 2315.4 is clear and unambiguous. It expressly provides for punitive damages against "a defendant" who recklessly or wantonly disregards the safety of others by driving while intoxicated. Thus, the article does not allow the imposition of punitive damages against persons who are vicariously liable such as the employer in this case. Moreover, in light of the Louisiana Supreme Court's examination of the Legislative history of Article 2315.4, the Court finds the article is clearly aimed at the offending person's behavior and none other.

## *Conclusion*

For the reasons stated in the foregoing, the Court will grant defendants' motion for partial summary judgment.

Richard T. Haik, Sr.
United States District Judge

5