# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

Lankford                                                  Civil Action No. 6:12-1280

versus                                                 Judge Richard T. Haik, Sr.

National Carriers, Inc., et al                  Magistrate Judge C. Michael Hill

## ORDER

Before the Court is Plaintiff, Latrena Lankford's, Petition For Certification Of Interlocutory Appeal Under 28 U.S.C.§ 1292(b) [Rec. Doc. 113], in which Plaintiff moves the Court to certify its February 6, 2015 Judgment granting Defendants, National Carriers, Inc., MBS Express and Jose Jiminez's Motion For Partial Summary Judgment, R. 108.

28 U.S.C. § 1292 allows for interlocutory appeal of orders without directing entry of a final judgment on the order. 28 U.S.C. § 1292(b). The decision to certify an interlocutory appeal is within the sound discretion of the district court. *Swint v. Chambers County Comm'n*, 514 U.S. 35 (1995). The following three criteria should be used in determining whether a 1292(b) appeal is appropriate: (1) the order from which the appeal is taken must involve a controlling question of law; (2) there must be substantial grounds for a difference of opinion concerning the issue; and (3) an immediate appeal must "materially advance the ultimate termination of the litigation." *Id.* at 68. Each of these three requirements must be met for certification to be appropriate. *Complaint of L.L.P.&D. Marine, Inc.*, 1998 WL 66100, 2 (E.D.La.,1998). The moving party carries the burden of showing the necessity of interlocutory appeal. *Chauvin v. State Farm Mut. Auto. Ins. Co.*, 2007 WL 4365387, at *2 (E.D.La. Dec. 11,

2007). Interlocutory appeals are "exceptional" and should not be granted "simply to determine the correctness of a judgment." *Clark–Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 68–69 (5th Cir.1983)).

The Court acknowledges that differences of opinion exist between the Louisiana 4th Circuit Court of Appeals and the Louisiana 3rd Circuit Court of Appeals as to whether or not La. R. S. art. 2315.4 imposes punitive damages against a party who is vicariously liable for general damages resulting from the conduct of an intoxicated person such as an employer. However, the Court cannot sanction a piecemeal appeal such as Plaintiff's that fails to meet the first and third requirements of section 1292(b). First, the judgment from which the appeal is taken does not involve a controlling question of law. Courts have held that punitive damages issues do not constitute "controlling questions of law" for purposes of section 1292(b). *See Complaint of L.L.P.&D. Marine, Inc.* (citing *Kelly v. Ford Motor Co.*, 942 F.Supp. 1044, 1046 (E.D.Pa.1996) ("Because a punitive damages award is an element of the damages claim, its presence or absence does not affect the final outcome of this lawsuit with respect to liability and compensatory damages")).

Furthermore, Plaintiff has not shown that an interlocutory appeal will "materially advance the ultimate termination of the litigation." *Clark–Dietz & Associates–Eng'rs, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 69 (5th Cir.1993). In order to satisfy this requirement, resolution of the issue must eliminate the need for trial, eliminate complex issues, or streamline issues to simplify discovery. *Complaint of L.L.P.&D. Marine, Inc.* at 2. The Fifth Circuit has also held that certification is particularly inappropriate when a party has claims remaining for adjudication by the finder of fact. *See United States v. Bear Marine Servs., Inc.*, 696 F.2d 1117, 1120 (5th Cir.1983). Here, Plaintiff has also asserted a claim for compensatory damages which is

pending and would remain unaffected by an appeal of the punitive damages issue. Also, trial on the merits of this matter might eliminate Plaintiff's claim for vicarious liability and/or her claim under La.R.S. art 2314.4.

The issue of Plaintiff's ability to bring a punitive damages claim against an employer is not dispositive of any party's complete liability. Moreover, a trial would most likely occur on the remaining issues regardless of whether an interlocutory appeal on the punitive damages issues is taken. Accordingly,

**IT IS ORDERED** that Plaintiff, Latrena Lankford's, Petition For Certification Of Interlocutory Appeal Under 28 U.S.C.§ 1292(b) [Rec. Doc. 113] is **DENIED**.

Thus done and signed this 20th day of February, 2015 at Lafayette, Louisiana.

Richard T. Haik, Sr.
United States District Judge